UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


**REGINALD DEWAYNE NELSON,**

    **Petitioner,**

                                  Case No. 1:04-cv-410
v.                                      Hon.  Gordon J. Quist

**MARY BERGHUIS,**

    **Respondent.**

    _____/

**REPORT AND RECOMMENDATION**

    Petitioner, a prisoner currently incarcerated at a Michigan correctional facility, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    **I.**    **Background**

    On March 12, 2002, petitioner pled guilty to a charge of possession with intent to deliver more than 50 grams but less than 225 grams of a mixture containing cocaine, contrary to M.C.L. § 333.7401(2)(a)(iii) in the Berrien County Circuit Court. *See People v. Nelson*, Berrien County Circuit Court No. 2002-401306-FH; Plea Trans. (docket no. 15).  Petitioner pled guilty pursuant to a plea  agreement, in which the government dismissed a second count.  Plea Trans. at 10.  The substance of the second count is not apparent from the transcript.  However, petitioner states that this count was for possession of a controlled substance (marijuana), M.C.L. § 333.7403(2)(d).  Petitioner's Delayed application for leave to appeal (docket no. 16).

    At the plea hearing, petitioner admitted that on March 5, 2002, he possessed 125 grams of powder cocaine while driving on the highway in Berrien County, Michigan.  Plea Trans.

at 12-14. On May 15, 2002, petitioner was sentenced to a term of 90 to 240 months imprisonment. Judgment of Sentence (docket no. 16).

Petitioner filed a pro se delayed application for leave to appeal to the Michigan Court of Appeals on or about January 31, 2003, raising the following issue:

> I.   The trial court [erred] in the plea proceedings for failure to accept or reject the plea agreement on the record.

Delayed application (docket no. 16). The Michigan Court of Appeals denied the delayed application for leave to appeal "for lack of merit in the grounds presented." *People v. Nelson*, No. 246299 (Mich. App. March 26, 2003). Petitioner filed an application for leave to appeal the issue to the Michigan Supreme Court, which denied the application. *People v. Nelson*, No. 123643 (Mich. Aug. 29, 2003).

Petitioner subsequently filed a motion for relief from judgment (September 18, 2003) and a motion for a petition for writ of habeas corpus (October 1, 2003) with the trial court. Order denying defendant's motion challenging plea (July 16, 2004).[1] The trial court denied both motions on January 5, 2004. *Id.* The trial court denied petitioner's motion for reconsideration on May 5, 2004. *Id.* Then, on June 7, 2004, petitioner filed a motion "challenging plea after sentence." Petitioner relied on MCR 6.311(A), which provides as follows:

> Motion to Withdraw Plea. The defendant may file a motion to withdraw the plea within the time for filing an application for leave to appeal. After the time for filing an application for leave, the defendant may seek relief in accordance with the procedure set forth in subchapter 6.500.

Order (July 16, 2004). The trial court rejected this new challenge as an improper successive motion

---

[1] The Rule 5 materials do not include a copy of petitioner's September 18, 2003 motion for relief from judgment. However, the procedural history regarding that motion is set forth in the trial court's July 16, 2004 order. *See* docket no. 5.

for relief from judgment, noting that MCR 6.502(G) provides for "one and only one" motion for relief from judgment. *Id.*

On June 21, 2004, petitioner filed a petition for writ of habeas corpus in this court based upon the following claim:

> Conviction obtained by plea of guilty not made voluntarily with understanding of the consequences of the plea.
>
> The court did not explain the elements of the Possession with Intent to Deliver when taking the plea. Defendant plead to elements which defined Possession. There is neither a factual basis nor a plea for the plea taking court to establish the Intent to Deliver element.

*See* Petition at ¶ 14.A.

Respondent filed a response on March 21, 2005. Three months later, in *Halbert v. Michigan*, 545 U.S. 605 (2005), the United States Supreme Court found that Michigan's scheme for the discretionary appellate review of guilty pleas was flawed, and held "that the Due Process and Equal Protection Clauses require the appointment of counsel for defendants, convicted on their pleas, who seek access to the first-tier review in the Michigan Court of Appeals." *Halbert*, 545 U.S. at 610.

Petitioner subsequently filed a "Notice of Change of Legal Posture" in which he advised the court that, under *Halbert*, the Berrien County Circuit Court had jurisdiction of his case and had appointed Attorney Gary Kohut to represent him. *See* docket no. 22. Neither Attorney Kohut nor the Michigan Attorney General advised this court of these proceedings. Nevertheless, the court takes judicial notice that Attorney Kohut filed a new appeal of petitioner's conviction in the Michigan Court of Appeals on April 17, 2006. *See People v. Nelson*, No. 269799 (Mich. App.). This new appeal has been held in abeyance since May 4, 2006, pending the decision by the Michigan

3

Supreme Court in *People v. Kenneth Houlihan*, No. 128340. *Id.* (Order) (May 4, 2006).

## II. Exhaustion

Petitioner seeks relief under 28 U.S.C. §2254, which provides that "a district judge shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Before petitioner may seek such relief in federal court, however, he must first fairly present the substance of his claims to all available state courts, thereby exhausting all state remedies. *Picard v. Connor*, 404 U.S. 270, 277-78 (1981); *Clemmons v. Sowders*, 34 F.3d 352, 354 (6th Cir. 1994); *see* 28 U.S.C. §2254(b)(1)(A). A habeas petition containing unexhausted claims should be dismissed without prejudice. *See Rose v. Lundy*, 455 U.S. 509, 518-20 (1982).

In the present case, in an apparent response to the *Halbert* decision, the Michigan courts have allowed petitioner to pursue another appeal of his conviction. Petitioner's claims with respect to his guilty plea and conviction remain unexhausted. Accordingly, this petition should be dismissed without prejudice. *Rose*, 455 U.S. at 518-20.

## IV. Recommendation

I respectfully recommend that petitioner's habeas petition be **DISMISSED** without prejudice. Rule 8, Rules Governing § 2254 Cases in the United States District Courts.

Dated: June 11, 2007         /s/ Hugh W. Brenneman, Jr.
                             Hugh W. Brenneman, Jr.
                             United States Magistrate Judge

ANY OBJECTIONS to this Amended Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).